**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

GERALD G. FLORENCE,
              Appellant,

       v.

UNITED STATES POSTAL SERVICE,
              Agency.

DOCKET NUMBER
DA-0353-13-2022-I-1

DATE: October 20, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Alfonzo Roberson, Cedar Hill, Texas, for the appellant.

Susan L. LaSalle, Dallas, Texas, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his restoration appeal on the grounds of adjudicatory efficiency. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2 The appellant, a partially-recovered City Letter Carrier, filed this restoration appeal, challenging a January 23, 2013 limited-duty job offer for 4 hours of work per day. Initial Appeal File (IAF), Tab 1 at 1-2, Tab 5 at 192 of 204. The administrative judge dismissed the appeal on the basis of adjudicatory efficiency. IAF, Tab 25, Initial Decision (ID) at 5. He found that the instant appeal challenges the same agency action that the appellant challenged in his previous appeal, *Florence v. U.S. Postal Service*, MSPB Docket No. DA-3443-13-0196-I-1, i.e., an alleged denial of restoration from July 23, 2012, through February 2, 2013—the date that the appellant filed that appeal. ID at 4-5.

¶3 The appellant has filed a petition for review arguing, as he did below, that the instant appeal pertains to a 4-hour job offer dated January 23, 2013, whereas his previous appeal pertained to a 2-hour job offer dated July 23, 2012. Petition for Review (PFR) File, Tab 1 at 6. He identifies some other differences between the cases and argues the merits of this appeal. *Id*. at 4-7. The agency has filed a response in opposition to the petition for review. PFR File, Tab 3.

The petition for review was timely filed.

¶4        The administrative judge issued his initial decision on June 5, 2014, and notified the appellant that the deadline for filing a petition for review was July 10, 2014.  ID at 1, 5; *see* 5 C.F.R. § 1201.114(e) (the deadline for filing a petition for review is generally 35 days from the date of the initial decision). However, the appellant's petition for review appeared to have been submitted by facsimile on July 22, 2014, which would have made it untimely by 12 days.  PFR File, Tab 1 at 1; *see* 5 C.F.R. § 1201.4(*l*) (the date of filing by facsimile is the date of the facsimile).

¶5        The Clerk of the Board issued an acknowledgment letter, informing the appellant that his petition for review appeared to be untimely and affording him an opportunity to show that his petition was, in fact, timely or that there was good cause for any delay.  PFR File, Tab 2 at 1-2.  The appellant responded, alleging that on July 3, 2013, he inadvertently mailed his petition for review to the U.S. Court of Appeals for the Federal Circuit.  PFR File, Tab 4 at 4.  Realizing his mistake, on July 7, 2014, he mailed the petition to the correct address at the Board but still had it captioned incorrectly (presumably as being before the court rather than before the Board).  *Id*.  Finally, on July 22, 2014, the appellant faxed the Board a copy of the petition reflecting the correct caption.  *Id*. at 4.

¶6        The Board does not have a copy of the incorrectly captioned petition that the appellant alleges he mailed on July 7, 2014.  Nevertheless, the record corroborates his account of the events.  The appellant has included a certified mail receipt postmarked July 7, 2014, showing that he mailed a document to the Board's Headquarters on that date.  *Id*. at 7.  The Postal Service's online tracking service confirms that an item with this receipt number was mailed from Red Oak, Texas, on July 7, 2014, and was delivered to the Board's Headquarters on July 14, 2014.  In addition, the cover page of the appellant's July 22, 2014 facsimile submission indicates that it was intended to be a correction to an earlier

submission. PFR File, Tab 1 at 1. We credit the appellant's assertion that this document that he filed on July 7, 2014, was substantively the same as the document that he filed on July 22, 2014. PFR File, Tab 4 at 4; *see* 5 C.F.R. § 1201.4(*l*) (the date of filing by mail is determined by the postmark date). Because this initial filing on July 7, 2014, was within the time period prescribed in 5 C.F.R. § 1201.114(e), we find that the petition for review was timely filed. The dismissal based on adjudicatory efficiency is affirmed.

¶7          When an appellant files an appeal that raises claims raised in a previous appeal after the initial decision in the earlier appeal has been issued, but before the full Board has acted on the appellant's petition for review, it is appropriate to dismiss the subsequent appeal on the grounds of adjudicatory efficiency. *Zgonc v. Department of Defense*, 103 M.S.P.R. 666, ¶ 6 (2006), *aff'd*, 230 F. App'x 967 (Fed. Cir. 2007). In other words, the Board will dismiss on the basis of adjudicatory efficiency where an identity of issues exists and the controlling issues in the appeal will be determined in a prior appeal. *Kinler v. General Services Administration*, 44 M.S.P.R. 262, 263 (1990).

¶8          We find that the appellant has, in the instant appeal, raised the same claim that he raised in his earlier appeal, i.e., an alleged denial of restoration ongoing since July 23, 2012. IAF, Tab 1 at 2, 9; MSPB Docket No. DA-3443-13-0196-I-1, Petition for Review File, Tab 5, Final Order (0196 Final Order) at 4-5 & n.5 (July 29, 2014). As the administrative judge in the instant appeal correctly found, the appellant filed his prior appeal on February 2, 2013—after the agency issued the January 23, 2013 job offer. ID at 4; MSPB Docket No. DA-3443-13-0196-I-1, Initial Appeal File (0196 IAF), Tab 1 at 1. The appellant's claim in that appeal encompassed and specifically referred to the January 23, 2013 job offer and events that occurred thereafter, and included a copy of the job offer itself. 0196 IAF, Tab 1 at 7-8, Tab 4, Exhibit (Ex.) 2A, Tab 6 at 1-2, Ex. B, Ex. C. The

appellant cannot now claim that the January 23, 2013 job offer was not at issue in his prior appeal.

¶9        We also find that the controlling issue in the instant appeal was determined in the prior appeal, i.e., whether the alleged denial of restoration was arbitrary and capricious.  0196 Final Order at 6-9.  The appellant appears to have a new theory as to why the alleged denial of restoration was arbitrary and capricious from January 23, 2013 onward.  PFR File, Tab 1 at 6-7.  These arguments, however, could have been raised in the prior appeal, in which the issue that they address has already been decided.

¶10       Had the initial decision in the prior appeal become the Board's final decision at the time that the administrative judge issued his initial decision in the instant appeal, the proper disposition would have been to dismiss for lack of jurisdiction on the basis that the appellant was collaterally estopped from proving that the denial of restoration was arbitrary and capricious.  Collateral estoppel, or issue preclusion, is appropriate when the following factors are present:  (1) the issue is identical to that involved in the prior action; (2) the issue was actually litigated in the prior action; (3) the determination on the issue in the prior action was necessary to the resulting judgment; and (4) the party against whom issue preclusion is sought had a full and fair opportunity to litigate the issue in the prior action, either as a party to the earlier action or as one whose interests were otherwise fully represented in that action.  *Wadhwa v. Department of Veterans Affairs*, 111 M.S.P.R. 26, ¶ 5, *aff'd*, 353 F. App'x 434 (Fed. Cir. 2009), *cert. denied*, 559 U.S. 1037 (2010).  All of these elements were satisfied except that the administrative judge's findings had not yet been made part of a final judgment.  Under those circumstances, we find it was appropriate for the administrative judge in this appeal to dismiss on the grounds of adjudicatory efficiency.  *See Davis v. U.S. Postal Service*, 119 M.S.P.R. 22, ¶ 16 (2012).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems

Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:             _____

                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.